IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM RIFE, | : | |
| Plaintiff | : | |
| VS. | : | |
| Warden SHEILA OUBRE and Deputy Warden REGINA WOMBLE, | : | NO. 5:12-CV-499 (CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **WILLIAM RIFE**, an inmate at Baldwin State Prison ("BSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has also filed a motion to proceed *in forma pauperis* (Doc. 2) and a motion for a preliminary injunction (Doc. 5). Solely for purposes of the Court's dismissing this action, leave to proceed *in forma pauperis* is hereby **GRANTED**.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not

1

include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See **Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the

2

standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff complains about the loss or theft of his personal property.  Such loss or theft allegedly occurred after Plaintiff's property was confiscated upon his confinement in administrative segregation on August 24, where he remained until September 19, 2011.

Plaintiff names Warden Sheila Oubre and Deputy Warden Regina Womble as Defendants.  He does not allege that the Defendants participated in the loss or theft of his property, but sues them because they failed to provide Plaintiff with restitution.   In response to a grievance filed by Plaintiff, the Office of Inmate Affairs and Appeals recommended such restitution.

## III.  DISCUSSION

Plaintiff has failed to allege a colorable constitutional claim necessary to support a section 1983 lawsuit.  Neither negligent nor intentional deprivations of property by a state employee constitute due process violations if a meaningful post-deprivation remedy is available.  ***Daniels v. Williams***, 474 U.S. 327, 328 (1986); ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984); ***Parratt v. Taylor***, 451 U.S. 527, 539 (1981).  Georgia tort law offers a remedy for prison officials' unlawful deprivation of an inmate's property. ***See*** O.C.G.A. § 51-10-1 (providing that the "owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies"); ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987).  Such a cause of action still remains available to Plaintiff.[1]  Because Plaintiff has an adequate post-deprivation remedy available, he has failed to allege a violation of his Fourteenth Amendment rights.

---

[1]  O.C.G.A. § 9-3-32 provides:  "Actions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within four years after the right of action accrued."  Instead of proceeding under O.C.G.A. § 51-10-1, Plaintiff filed a mandamus action in the Superior Court of Baldwin County, which was apparently dismissed by that court.

## IV. CONCLUSION

Based on the foregoing, the instant action is hereby **DISMISSED** under section 1915A and Plaintiff's motion for a preliminary injunction is **DENIED AS MOOT**.

**SO ORDERED**, this 8th day of FEBRUARY, 2013.


S/   C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr